**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**OCT 2 2002**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

RICKEY ROGERS,

      Plaintiff - Appellant,

      v.

WARDEN GUNJA; MELISSA DALY;
R. ANDERT,

      Defendants - Appellees.

No. 02-1064
(D.C. No. 01-Z-2497)
(D. Colorado)

ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Plaintiff-Appellant Rickey Rogers, a federal prisoner appearing pro se, filed a motion in district court for a temporary restraining order ("TRO") to enjoin prison officials from harassing him. The magistrate judge ordered Mr. Rogers to cure all deficiencies within thirty days by filing a complaint and either

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

paying the filing fee or filing a properly-documented motion and affidavit seeking leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. The order further provided that if Mr. Rogers failed to cure all deficiencies within that time, the action would be dismissed without prejudice. Mr. Rogers filed a complaint alleging violations of his civil rights and an IFP motion.

The district court nonetheless dismissed Mr. Rogers' complaint without prejudice for failure to cure all deficiencies, and denied as moot both the TRO and IFP motions. It did so in light of the fact that Mr. Rogers had failed to comply with the IFP requirement that he "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). The district court denied leave to proceed on appeal IFP. 28 U.S.C. § 1915(a)(3).

Before this court, Mr. Rogers' renews his application to proceed on appeal IFP and appears to seek both a reversal of the district court's dismissal and a review of the merits of his civil rights claims. We review the district court's "without prejudice" dismissal for failure to provide a proper trust fund account statement as required by 28 U.S.C. § 1915(a)(2) for an abuse of discretion. Cf. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The statutory mandate of § 1915(a)(2) is clear: "A prisoner seeking to bring

a civil action or appeal . . . without prepayment of fees . . . *shall* submit a *certified* copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint." (emphasis added). Mr. Rogers does not contend in his brief on appeal that he did, in fact, comply with the order to cure the deficiencies associated with his original complaint and IFP motion. Moreover, our review of the record indicates that the copy of his trust fund account statement did not comply with the certification requirement. Since Mr. Rogers received proper notice of the IFP requirements and sufficient time to cure, the district court did not abuse its discretion in dismissing the complaint without prejudice.

The procedural posture of this case does not permit this court to consider the merits of Mr. Rogers' claim that his civil rights were violated. We wish to make clear to Mr. Rogers that the district court dismissed his original complaint and denied his original IFP motion as moot without prejudice. This means that he may refile his complaint and IFP motion with the district court. If Mr. Rogers does so, and provided he meets all of the procedural and jurisdictional requirements, the district court will then be in a position to consider the claim on the merits.

We DENY Mr. Rogers' motion for leave to proceed on appeal IFP, ORDER Mr. Rogers to immediately pay any unpaid costs and fees due this court for this

appeal, and DISMISS the appeal on the ground that it is frivolous.  See 28 U.S.C.

§ 1915(e)(2)(B)(i).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge